NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3261
_____

UNITED STATES OF AMERICA

v.

DOUGLAS E. OLIVER,
a/k/a Bird

Douglas E. Oliver,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-07-cr-00443-001
District Judge: The Honorable Renee M. Bumb

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 16, 2015

Before: SMITH, JORDAN, and VAN ANTWERPEN, *Circuit Judges*

(Filed:  March 24, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge.*

Douglas Oliver pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The United States District Court for the District of New Jersey sentenced Oliver to 46 months' imprisonment, to be followed by a three year term of supervised release. After commencing his term of supervised release on October 22, 2012, Oliver had difficulty complying with the conditions of the program. The District Court twice modified the terms of Oliver's supervised release. In May of 2014, a probation officer asked the District Court to issue a warrant for Oliver's arrest. The petition seeking the warrant set out three violations. Oliver pleaded guilty to violation number one, and the District Court found that his guilty plea was knowing and voluntary. After considering the arguments of the parties and the sentencing factors set out in 18 U.S.C. § 3553(a), the District Court sentenced Oliver to an eight month term of imprisonment for the supervised release violation and a new twenty-eight month term of supervised release. Thereafter, Oliver filed a *pro se* Notice of Appeal.[1]

Oliver's counsel filed a brief asserting that she did not have any non-frivolous issues to present for appellate review and requested permission to

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3583(e)(3). We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967).[2]
We agree with counsel's assessment of Oliver's appeal.[3] The District Court's colloquy at the revocation proceeding was thorough, and the record supports the District Court's finding that Oliver's guilty plea to violation number one was knowing and voluntary. In light of the guilty plea and given Oliver's repeated failure to comply with the terms of his supervised release, there is sufficient evidence to support the District Court's revocation of Oliver's term of supervised release. *See* 18 U.S.C. § 3583(e)(3) (providing that supervised release may be revoked upon finding a violation "by a preponderance of the evidence").

With regard to the sentence imposed, we conclude there is no basis for disturbing it. Our review of the transcript of the revocation proceeding demonstrates that the District Court correctly computed the advisory guideline range, accurately recited the applicable statutory penalties, thoughtfully considered the sentencing factors in § 3553(a), and explained its reasons for imposing a sentence that included both a term of imprisonment and a new term of supervised

---

[2] Counsel served Oliver with a copy of the *Anders* brief and her motion to withdraw as counsel. Consistent with Third Circuit L.A.R. 109.2(a), the Clerk's Office advised Oliver of his right to file a *pro se* brief within thirty days of the notice. Oliver failed to file a *pro se* brief with the Clerk.

[3] We review the District Court's decision to revoke supervised release for abuse of discretion, but we apply clear error review to factual findings and plenary review to legal issues. *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008).

release.[4] Because the sentence is neither procedurally nor substantively unreasonable, we will not disturb it. *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009).

Our own independent review of the record fails to reveal any non-frivolous issue to consider. For that reason, we will affirm the District Court's judgment and grant counsel's motion to withdraw. We certify that the issues presented in this appeal lack legal merit and do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).

---

[4] *See* 18 U.S.C. § 3583(h) (authorizing, upon revocation of supervised release, the imposition of a new term of supervised release following a term of imprisonment).